LEMMON, Judge
(concurring).
I hesitantly concur in the result on the basis that the trial court may have rejected the testimony of plaintiff and his investigator that the Telephone Company’s trucks were illegally parked at the intersection, since some factual implications in the record would support this rejection. Since I believe the illegal parking (if proved) would have constituted a legal cause of the accident, I would otherwise hold the Telephone Company liable.
Cause-in-fact is determined by application of the “but for” test. But for the telephone company’s illegal parking which (as described) obstructed Mountain’s view of the stop sign and of the traffic approaching from his right, the stop sign would have been in plain view. Since the vast majority of motorists stop for such signs or at least exercise additional caution at the controlled intersection, it is more probable than not that the accident would not have occurred except for the Telephone Company’s illegal parking. [1]
Thus, on the legal issue of the duty-risk determination of tort liability, I would hold the Telephone Company liable. But since I cannot say the trial judge erred manifestly if he rejected the testimony necessary to establish facts upon which to base the duty-risk determination, I concur in the affirmation.

. Arguably, if the stop sign was illegally obstructed, Mountain still should have considered this an uncontrolled intersection and should have refrained from entering until the crossing could be made safely. This argument, however, would have principal applicability if Mountain were seeking damages. If illegal parking had been proved, I would have concluded that the Telephone Company breached its duty to both Mountain and plaintiff not to obstruct • the sign and the intersection and that the Telephone Company’s illegal parking harmed plaintiff by preventing Mountain from determining that he should accord plaintiff the right of way, thus causing the accident.